Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>**RECURRIDO**<br><br>v.<br><br>ORLANDO JOSÉ APONTE ROSARIO<br><br>**PETICIONARIO** | KLCE202401013 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D VP20241764 al 1767<br><br>Sobre:<br>Violencia Doméstica |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2024.

### I.

El 19 de septiembre de 2024, el señor Orlando José Aponte Rosario (señor Aponte Rosario o peticionario) presentó una *Petición de Certiorari* en la que solicitó que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 18 de junio de 2024, transcrita el 16 de julio de 2024.[1] En esta, el TPI declaró No Ha Lugar una solicitud del peticionario para que se desestimaran cuatro (4) denuncias promovidas en su contra por alegada falta de jurisdicción del Fiscal Especial Independiente (FEI) para presentarlas.

Como asunto de umbral, debemos mencionar que la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las

---

[1] Apéndice de la *Petición de Certiorari*, Anejo IX, págs. 32-33. Notificada y archivada en autos el 24 de julio de 2024.

particularidades de este caso, prescindimos de la comparecencia del Pueblo de Puerto Rico.

**II.**

El caso de marras tiene su génesis el 18 de junio de 2024 cuando un FEI radicó cuatro (4) *Denuncias* en contra del peticionario por tres (3) delitos en violación de la *Ley para la prevención e intervención con la violencia doméstica*, Ley Núm. 54 de 1989, según enmendada, 8 LPRA secs. 601 *et seq.*, (Ley Núm. 54-1989) y un delito en violación a la *Ley de armas de Puerto Rico de 2020*, Ley Núm. 168 de 2019, según enmendada, 25 LPRA secs. 461 *et seq.*[2]

Ese mismo día, el señor Aponte Rosario presentó una *Moción solicitando desestimación de las denuncias* en la que solicitó al TPI que desestimara las denuncias presentadas en su contra porque alegadamente el FEI carecía de jurisdicción para presentarlas.[3] Según adujo, la presentación por el FEI de las denuncias superó por mucho el término dispuesto para la investigación y radicación de cargos dispuesto en la *Ley de la Oficina del Panel sobre el Fiscal Especial Independiente*, Ley Núm. 2 de 1988, según enmendada, 3 LPRA secs. 99h *et seq.* (Ley Núm. 2-1988). Esbozó que:

(1) El 1 de agosto de 2023, el Panel sobre el Fiscal Especial Independiente (PFEI) le notificó al peticionario una *Resolución* nombrando a un FEI y concediéndole un término de noventa (90) días para realizar una investigación.[4]

(2) El 25 de octubre de 2023, el PFEI le notificó una *Resolución* en la que extendió el término al FEI designado para culminar su investigación hasta el 18 de diciembre de 2023.[5]

(3) El 7 de diciembre de 2023, el PFEI le notificó una *Resolución* en la que extendió el término investigativo nuevamente hasta el 29 de enero de 2024.[6]

(4) Después del 7 de diciembre de 2023, el PFEI no le notificó ninguna otra extensión de término.

(5) El 17 de junio de 2024, le fue notificada una citación para la presentación de cargos criminales.

---

[2] Íd., Anejo I, págs. 1-7.
[3] Íd., Anejo II, págs. 8-10.
[4] Íd., Anejo III, págs. 11-14.
[5] Íd., Anejo IV, págs. 15-17.
[6] Íd., Anejo V, págs. 18-20.

En esa ocasión, el TPI declaró No Ha Lugar la *Moción solicitando desestimación de las denuncias* en corte abierta, determinación que fue transcrita el 16 de julio de 2024, según consignado en la *Resolución* recurrida, notificada el 24 de julio de 2024.[7] Para justificar su determinación, basándose en **Pueblo v. Colón Bonet,** 200 DPR 27 (2018), resolvió que la Oficina del Panel sobre el Fiscal Especial Independiente (OPFEI) no pierde jurisdicción o autoridad para radicar cargos en contra de un empleado público cuando ha transcurrido el término establecido en la Ley Núm. 2-1988, *supra*, por ser de estricto cumplimiento y no jurisdiccional.

El 8 de agosto de 2024, el peticionario radicó una *Moción en solicitud de reconsideración a solicitud de desestimación de las denuncias* en la que solicitó al TPI que reconsiderara su rechazo a la petición de desestimación.[8] Argumentó que el foro primario estimó incorrectamente que el término de noventa (90) días para culminar la investigación era de cumplimiento estricto, basándose en una Opinión del Tribunal Supremo de Puerto Rico que reconoció que otro término – el de treinta (30) días para la presentación de las denuncias una vez haya culminado la investigación – lo era. Según arguyó, correspondía determinar que el término aplicable era de carácter jurisdiccional y, como fue incumplido, se debía desestimar el caso.

En una moción titulada *Moción en oposición a solicitud de reconsideración*, con fecha del 19 de agosto de 2024, el Pueblo de Puerto Rico presentó una *Moción en oposición a solicitud de reconsideración* en la que se opuso a la reconsideración solicitada.[9]

---

[7] Íd., Anejo IX, págs. 32-33. Según plantea el peticionario, su solicitud fue rechazada en corte abierta y, luego de que en ese momento solicitara la notificación de la determinación por escrito, tuvo que presentar una *Moción solicitando que se notifique resolución*, con fecha del 15 de julio de 2024, en la que reiteró su petición para que el dictamen fuera notificado. Íd., Anejo VIII, págs. 29-31.

[8] Íd., Anejo X, págs. 34-41.

[9] Íd., Anejo XI, págs. 42-50.

En síntesis, planteó que todos los términos de la Ley Núm. 2-1988, *supra*, son de estricto cumplimiento y, como fue el señor Aponte Rosario quien detuvo el proceso durante la investigación, no procedería la desestimación por el alegado incumplimiento con estos. Como cuestión de hechos, adujo que: (1) tras la extensión del término investigativo concedida el 7 de diciembre de 2023, el peticionario fue citado para la presentación de cargos, pero comunicó que estaba disponible para ser entrevistado sobre el caso; (2) por ello, durante ese trámite, el FEI solicitó un término adicional, el cual venció el 30 de mayo de 2024; (3) vencido el término, ese mismo día, el FEI comunicó que la investigación había culminado; y (4) dentro de los treinta (30) días siguientes, el 18 de junio de 2024, se presentaron los cargos en contra del peticionario.

El 20 de agosto de 2024, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la reconsideración solicitada por el señor Aponte Rosario.[10]

En desacuerdo, el peticionario presentó el recurso de epígrafe y le imputó al foro primario la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL HABER DECLARADO NO HA LUGAR LA MOCIÓN SOLICITANDO DESESTIMACIÓN DE LAS DENUNCIAS POR FALTA DE JURISDICCIÓN.

Es su posición que el FEI tenía un término jurisdiccional hasta el 29 de enero de 2024 para culminar la investigación y, como mucho, tenía un término de cumplimiento estricto de treinta (30) días adicionales para radicar los cargos criminales, pero se tardaron hasta el 18 de junio de 2024 para hacerlo, en violación de las disposiciones de la Ley Núm. 2-1988, *supra*, y el debido proceso de ley.

---

[10] Íd., Anejo XII, pág. 52. Notificada y archivada al día siguiente.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[11] establece las instancias en las que le foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorar*i que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Contruction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un

---

[11] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[12]

**B.**

En nuestro ordenamiento, la Ley Núm. 2-1988, *supra*, establece el andamiaje para el procesamiento criminal de ciertos funcionarios del Gobierno de Puerto Rico y, para ello, instituye al PFEI, los FEI y la OPFEI. Entre los funcionarios cubiertos, se encuentran los miembros de la Asamblea Legislativa. Art. 4(1)(f), 3 LPRA sec. 99k.

El inciso (4) del Art. 12 de la Ley Núm. 2-1988, *supra* sec. 99s, dispone que, una vez se le ha encomendado una investigación a un FEI, este tiene un término de no más de noventa (90) días para completar la investigación. Ahora bien, igualmente permite que el PFEI pueda fijar un término especial cuando sea justificado. Asimismo, faculta al FEI a que, cuando no pueda completar

---

[12] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

adecuadamente una investigación, por su naturaleza o complejidad, pueda solicitar al PFEI y este pueda concederle un término adicional que no excederá noventa (90) días.

Por otra parte, de acuerdo con el inciso (5) del mismo Artículo, para radicar acusaciones, el FEI tiene un término que no excederá treinta (30) días posteriores a la culminación de la investigación, pero el PFEI podrá extenderlo cuando sea justificado. En ***Pueblo v. Colón Bonet,*** *supra*, nuestro más alto foro tuvo la oportunidad de interpretar este término para acusar. En esa ocasión, se resolvió que el estatuto le permite al PFEI extenderlo con la única exigencia de que sea justificado y, cuando así lo haga, el FEI no perderá jurisdicción para encausar a un empleado público luego de que transcurran los treinta días desde que concluyó la investigación de fondo.

En ***Pueblo v. Rodríguez Santana,*** 146 DPR 860 (1998), se interpretó el carácter del término dispuesto en el Art. 8 de la Ley Núm. 2-1988, *supra* sec. 99o, para que el Secretario de Justicia culmine su investigación preliminar, previo a remitir el caso al PFEI. Dicho precepto contiene un lenguaje similar al citado inciso (4) del Art. 12, puesto que faculta al Departamento de Justicia a solicitar un término adicional si entiende que, por su naturaleza o complejidad, no ha sido posible completar la investigación preliminar dentro del término dispuesto. En esa *Opinión*, se resolvió que el término era de cumplimiento estricto, quedando el Secretario de Justicia vedado de prolongar la investigación. De incumplirlo, la consecuencia es que el Secretario de Justicia pierde su facultad para investigar el caso y deberá enviarlo al PFEI para que determine si procede realizar la investigación preliminar.

**IV.**

En el caso de marras, el TPI rechazó desestimar unas denuncias presentadas en contra del señor Aponte Rosario, quien

reclama que se incumplió con el término para culminar la investigación establecido por el Art. 12 de la Ley Núm. 2-1988, *supra*, arguyendo que es jurisdiccional. Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI.

Un examen sosegado del expediente del caso ante nuestra consideración y de la determinación recurrida, no arroja error alguno que amerite nuestra intervención. No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción. La determinación del foro primario fue esencialmente correcta en derecho al declarar No Ha Lugar la desestimación solicitada por el peticionario. No se violentaron los términos dispuestos por la Ley Núm. 2-1988, *supra*, toda vez que, siendo de estricto cumplimiento, surgen palmariamente del expediente las justificaciones para su extensión. Consecuentemente, no intervendremos con la discreción del TPI en esta etapa de los procedimientos.

**V.**

Por las razones anteriormente esbozadas, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones